THOMAS R. FOSTER *v.* RILEY A. DEMING AND ALBERT ONION.

Where the defendants made a general assignment of their property for the benefit of their creditors, and some of the creditors, among whom was the plaintiff, agreed, in writing, to receive the dividends which might accrue to them " after a faithful accounting by the assignees, and await the same," and it appeared, that, prior to the commencement of this suit, the surviving assignee had notified the creditors, that he was ready to pay a dividend of twenty five *per cent.* upon their claims, and that that was all he could pay, and more than they would be entitled to receive upon a strict accounting, and it did not appear upon what basis the dividend was thus declared, nor that there was any fraud, nor that any more was retained by the assignee than a reasonable compensation for his services and expenses, it was held, that this was substantially an *accounting,* within the meaning of the agreement signed by the plaintiff, and that the plaintiff was entitled to sustain an action upon his original claim against the assignors.

And it was also held, that it made no difference, in such case, that the plaintiff refused, before the commencement of his suit, to receive the dividend thus declared by the assignee, it appearing that he received it after the suit was commenced, and that it was deducted from the amount of his claim in making up the judgment.

And it was also held, that the temporary bar of the plaintiff's right to sue, created by the agreement signed by him, was removed by an unnecessary and unreasonable delay, on the part of the assignee, to render his account and declare a dividend.

ASSUMPSIT upon three promissory notes, signed by the defendants, by the name of their firm of Riley A. Deming & Co., and made payable to Wellington, Foster & Co., or order,—of which firm the plaintiff was a member,—and by them endorsed to the plaintiff. Onion was discharged, at a former term, upon his plea in bankruptcy. Plea, by Deming, the general issue, and trial by jury, March Term, 1845,—HEBARD, J., presiding.

On trial, the plaintiff having given in evidence the notes declared upon, the defendant, to support the issue upon his part, gave in evidence a general assignment, by Deming and Onion, of all their property, to Oramel Hutchinson and Carlos L. Onion, in trust for the benefit of the creditors of the firm of R. A. Deming & Co., and of the individual partners, executed January 21, 1840, and an agree-

40

ment in writing, appended thereto, which was in these words,— "We hereby accept of the provision made for us in the foregoing assignment, and agree to receive the dividends which may accrue to us after a faithful accounting by the said assignees, and await the same." This agreement was signed by a number of the creditors of Deming and Onion, and, among others, by Wellington, Foster & Co., by their authorized agent,—they being then the owners of the notes now in suit. The defendant also gave evidence tending to prove, that the assignees had not accounted, either with the assignors, or the creditors, at the commencement of this suit.

The plaintiff then gave evidence tending to prove, that Hutchinson,—the other assignee having deceased,—notified the creditors named in the assignment, more than six months before the commencement of this suit, that he was ready to pay a dividend of twenty five cents on the dollar of their claims, and that that was all he could pay, and more than they were entitled to under a strict accounting; that some of the creditors had accepted the dividend thus offered; that the plaintiff, when offered the dividend upon the claim in suit, declined accepting it;—but it appeared that the plaintiff, since the commencement of this suit, had received from Hutchinson the dividend thus offered, amounting to $157,13, and had given to him a receipt therefor, purporting to be "in full for dividend" on the claim in suit. The defendant also gave evidence tending to prove, that a reasonable time had elapsed, before the commencement of this suit, for the assignee to close up the business and render his account, and that he had delayed, for an unreasonable time, to do so.

The defendant requested the court to charge the jury, that, if they found there had been no accounting between the assignees and assignors, the defendant was entitled to recover; and that, if Hutchinson notified the plaintiff, that he was ready to pay twenty five cents on the dollar of his claim, as a dividend, and the plaintiff refused to receive it, as such, and denied the correctness of the assignee's accounts, and afterwards, after the commencement of this suit, he did have an accounting with the assignee and receive his dividend and discharge the assignee, the defendant was entitled to recover, and that without reference to the question of reasonable time for rendering the account.

But the court instructed the jury, that the plaintiff, by the terms of his agreement was bound to wait until the assignee had reasonable time to make sale of the property and collect the debts and ascertain the amount that he could pay to the several creditors upon their claims; and that, if that was done, so that he had ascertained the amount to be paid to the creditors out of the property and effects assigned to him, and he had given notice to the creditors accordingly, the plaintiff was entitled to recover, although there had not been a formal accounting between the assignors and assignee, and although the plaintiff, when the dividend was thus offered to him, declined to receive it, and although the plaintiff had accepted the dividend, since the commencement of this suit.

The jury were also instructed, that, if the assignee had not accounted, and had not ascertained and declared his dividend before the commencement of this suit, still, if he had delayed and neglected to do so unnecessarily, and an unreasonable time, the plaintiff was entitled to a verdict.

Verdict for plaintiff, for the amount of the three notes, deducting the amount received by the plaintiff from the assignee subsequent to the commencement of this suit. Exceptions by defendant.

*Richardson & Nicholson,* for defendant, relied upon the case of *Kingsbury* v. *Deming et al.,* 17 V.t. 367, n.

*Washburn & Marsh* and *L. Adams* for plaintiff, cited *Bank of Bellows Falls* v. *Deming et al.,* 17 Vt. 366, and *Kingsbury* v. *Deming et al.,* Ib. 367, n.

The opinion of the court was delivered by

DAVIS, J. The circumstances of this case are the same as those of *Kingsbury* v. *Deming et al.,* stated in a note to the case of *Bank of Bellows Falls* v. *Deming et al.,* 17 Vt. 367, except that in the present case a dividend of twenty five cents on the dollar had been ascertained and declared by the surviving assignee, and the plaintiff was notified thereof and refused to accept it,—on what ground does not appear; but, after the commencement of this suit, he thought better of the matter and did receive his share. Several years, too, had elapsed, since the commencement of Kingsbury's suit. These circumstances materially change the aspect of the case.

There was no formal accounting, on the part of the assignee, either with the creditors or the assignors. Whether the dividend of twenty five cents was declared upon a full collection and conversion into cash of the assets placed in his hands does not appear. If it was so, and no more than a reasonable compensation for services and expenses was deducted from the fund, and no fraud appeared, it would substantially amount to an accounting, within the meaning of the contract between the parties. The ceremony of a formal accounting would be of no importance.

Nothing in the case shows, that any farther delay was necessary in suing for the balance. The refusal to accept and apply the portion of the fund, to which the plaintiff was entitled, could of course have no effect on his right to sue. Eventually the amount was received, and accounted for in making up the damages.

This, however, seems not to have been the ground, on which the case was put in the county court. We perceive, nevertheless, no error in the instructions that court gave to the jury. If farther assets remained to be liquidated, and a formal accounting, even, were necessary, it was in strict accordance with the ground, on which the case of *Kingsbury* v. *Deming et al.* was determined, to refer it to the jury to say, whether, under the circumstances, a reasonable time had elapsed, to enable the assignee to do all that was necessary to a perfect accounting; and, if it had been unreasonably delayed, the plaintiff would not be obliged to wait longer, but might commence his suit.

The judgment of the county court is affirmed.