By the Court,
Leonard, J.:
On the twenty-fourth of March, 1874, and for several years prior thereto, defendants were partners and doing business under the firm name and style of Sherwood & Brother. On the day stated, being largely indebted and owning a considerable amount of property, they and the major portion of their creditors entered into an agreement in writing, of which the following is a copy: “Whereas, O. E. Sherwood and W. H. Sherwood, composing the firm of Sherwood & Brother, are unable at this time to convert their property into coin, so as to enable them to pay the firm indebtedness; and, whereas, said firm have real and personal property amounting to a much larger sum than the total amount of their liabilities; and, whereas, it is deemed ruinous to the community, as well as to said firm, to insist upon immediate payment of said firm’s indebtedness; and, whereas, we are satisfied that an extension of *360 six and twelve months’ time, on the part of the creditors to said firm, will enable said firm to pay all their debts in full; therefore, we, the undersigned, hereby agree to grant an extension to said Sherwood & Brother of six and twelve months from this date, upon the indebtedness due to each of us, provided said firm make an assignment of their property for the benefit of their creditors, and that an agent, to be selected by the creditors, shall have charge and control of the said firm property and business for the benefit of the creditors, said agent to pay the debts due creditors pro rata, as fast as there shall be sufficient money in his hands belonging to said firm to justify him, the said agent, in declaring a dividend. This agreement to become binding as soon as it is signed by all the creditors of said firm; and said Sherwood & Brother agree that as soon as their creditors shall consent to such extension of time that they will make an assignment of their property for the benefit of their creditors, the same to be managed and controlled by an agent to be selected'for that purpose by the creditors of said firm.”
This agreement was dated March 24, 1874, and signed by Sherwood & Brother, T. M. Empey, Antonio Schwartz and other creditors, but was not signed by Steel & Wilson and a few other creditors of Sherwood & Brother.
A few days subsequent to the date of said agreement, by indenture duly executed by Sherwood & Brother of the first part, John H. Bice, trustee or assignee of the second part, and the creditors of Sherwood <& Brother of the third part, all the property of the defendants herein, not exempt from execution, was conveyed to said Bice in trust, to be used and sold by him as stated in the assignment, and the proceeds to be paid to the creditors once a month, or as often as it should be expedient so to do, and after the debts were all paid, the residue,' if any, to be turned over to Sherwood & Brother. The assignment also provided that if any person not a party to the agreement and assignment should institute legal proceedings against Sherwood & Brother to collect any indebtedness not set forth in schedule No. 2, made a part of the assignment, then the *361 agreement and assignment should be null and void, and all parties should be released therefrom, except Bice, who should account to the proper parties for all property or funds in his hands belonging to the estate of Sherwood & Brother.
Bice, the assignee, took possession of all the property assigned, and continued to perform the duties of his trust up to the date of trial.
There was no time stated in the assignment when Bice, the assignee, should bring the duties of his trust to a close; but the assignment and the answer in this action recognize the agreement as the basis of the assignment and a part of it.
For the period of nearly a year after the date of the assignment Bice paid a portion of the creditor’s claims, and a part of the several notes upon which this action is brought.
All the notes sued on were executed by Sherwood & Bro. subsequent to the date of the assignment, but about the same time. One was due six months after date, and the other three, twelve months. One was made payable to plaintiff, two to Antonio Schwartz, and one to Steele & Wilson. They were all given for indebtedness that accrued prior to the agreement. Schwartz and Steele & Wilson assigned to plaintiff before the commencement of this action, which is a simple action at law to recover judgment for the amount of the several promissory notes mentioned, and the only question involved is this: Can plaintiff maintain the action, or must he resort to his remedy in equity against the assignee and the trust estate ? We think he had an undoubted right to bring this action at the expiration of one year from the date of the agreement.
Steele & Wilson made no agreement to delay the collection of their claim, and Schwartz and plaintiff agreed to extend the time of payment six and twelve months.
After that time they could bring their action at law for the purpose of obtaining judgment, the same as though no agreement or assignment had been made. Whether they could seize and sell the property assigned, in satisfaction of any judgment obtained, is a question that is not involved in this case, and upon that question we express no opinion.
*362 In Trotter v. Williamson (6 T. B. Mon. 38), the court say: “The plea, both in form and substance, is clearly bad. The satisfaction alleged in the plea is no legal bar to the action. It consists in the acceptance, by Trotter, of provisions contained in a deed of trust which had been previously made by Williamson to Haggin, etc., for the payment of sundry debts due from him, among which is the debt of Trotter. The acceptance by Trotter of the provisions of the deed of trust, at most, gave him but an equity in the trust fund, and cannot, therefore, form a legal bar to this action at law against Williamson. The issue to that plea is of course immaterial.”
Rice v. Catlin (14 Pick. 221), was an action of assumpsit upon three promissory notes made by the firm of Samuel and John Gatlin. At the trial, it appeared that on November 13, 1826, the firm having become embarrassed in their affairs, assigned their personal property to Pliny Ames upon trust, that he should, out of the proceeds thereof, pay the notes in question. There was no express stipulation in the assignment on the part of the creditors. On the seventeenth day of November, 1826, Samuel Gatlin made a similar assignment of real estate to three persons named. The plaintiff assented to these assignments and claimed the benefit of them, but did not become a party by executing them. The court say: “Upon inspection of the two assignments referred to, it is obvious that although they purported, among other things, to be made upon trust, to pay over certain proceeds, if any should remain, after the payment of many other preferred debts, to the use of the plaintiffs, in satisfaction of his demands, yet there is no express or implied stipulation on the part of plaintiff to release, discharge or suspend his claims, and nothing by implication of law binding on him, except that he would receive the proceeds when paid, at the hands of the trustees; and it would result as an inference of law that, when received, this payment would extinguish and discharge his debt, either in whole or pro tanto, as it should or should not prove sufficient for the purpose. Such being the nature and legal effect of these assignments, they afford no ground of defense to this *363 action. The debt being proved, to constitute a good defense, there must be either payment, accord and satisfaction or a release. But a mere pledge or collateral security, not yet productive, from which no actual satisfaction has been realized, is no bar. It may, under certain circumstances, afford ground for a claim on the court, in its discretion, for a delay of judgment, to give reasonable time for the assigned effects to be converted into money and applied according to the terms of the trust.”
In Bank of Bellows Falls v. Deming (17 Vt. 367), the court say: “We can see no reason for reversing the judgment of the county court. There is nothing in the terms of the assignment which bound the creditors to delay commencing suits. Neither is there any such agreement to delay implied in the fact of the plaintiff’s accepting and receiving the amount paid to them by the assignees, as trustees.” (Foster v. Deming, 19 Vt. 313; Estabrook v. Messersmith, 18 Wis. 550.)
The order and judgment appealed from are affirmed.